UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID HENCHEN,

                Plaintiff,

       v.

RENOVO SERVICES, LLC, et al.,

                Defendants.
_____

DECISION & ORDER

11-CV-6073P

**PRELIMINARY STATEMENT**

        Plaintiff David Henchen ("Henchen") brought suit against defendants Renovo Services, LLC ("Renovo"), the Town of Greece and Paul Green (collectively, "defendants") under the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692, *et seq.* (Docket # 11). Currently pending before the Court is Henchen's motion for an award of attorney's fees as a "successful party" under the FDCPA. (Docket # 34). According to Henchen, because he accepted Renovo's offer of judgment that was silent as to attorney's fees, he is entitled to an award of attorney's fees in addition to the amount specified in the offer of judgment. (Docket # 34-4 at 9).

        Renovo opposes the motion on the grounds that the amount specified in the offer of judgment was intended to settle all of Henchen's claims against Renovo, including any claim for attorney's fees. (Docket # 38 at ¶¶ 33-39). Renovo alternatively contends that the parties had no meeting of the minds on attorney's fees, and thus the judgment may not be enforced. (*Id.* at ¶¶ 44-47). In addition, Renovo argues that Henchen is not a "successful party" under the FDCPA

and is not entitled to an award of attorney's fees. (*Id.* at ¶¶ 40-43). Finally, Renovo asserts that the fees sought are excessive and should be reduced. (*Id.* at ¶¶ 48-49).

For the reasons discussed below, Henchen's motion for attorney's fees is denied.

## FACTUAL BACKGROUND

Henchen commenced this lawsuit on February 9, 2011. (Docket # 1). After defendants answered the amended complaint, Renovo began to explore settlement options with Henchen. (Docket # 38 at ¶ 7). Between May and July 2011, Renovo's counsel made several attempts to contact Henchen's counsel to discuss settlement, and Henchen's counsel responded on August 1, 2011, that his client would be willing to accept $50,000 in settlement of all claims against the defendants. (*Id.* at ¶¶ 8-15).

As the negotiations continued, Renovo's counsel raised the issue of Henchen's willingness to settle with Renovo only. (*Id.* at ¶ 17). Henchen's counsel ultimately responded that his client would accept $25,000 to settle the claims against Renovo. (*Id.* at ¶ 19). Renovo's counsel responded with an offer of $3,000. (*Id.* at ¶ 21).

Some months after those unsuccessful negotiations, the parties agreed to engage in mediation with an outside mediator. (*Id.* at ¶¶ 22-24). During the March 20, 2012 mediation, Renovo's counsel reiterated its $3,000 settlement offer. (*Id.* at ¶ 24). Henchen likewise reiterated its demand for $50,000 to settle claims against all defendants and $25,000 to settle claims against Renovo only. (Docket # 39).

Significantly, Henchen's counsel conceded at oral argument on the pending motion that every offer and demand made by the parties during their negotiations included attorney's fees.

On April 17, 2012, approximately four weeks after the unsuccessful mediation, Renovo served on Henchen an offer of judgment in the amount of $3,000, pursuant to Rule 68 of the Federal Rules of Civil Procedure. (Docket # 38 at ¶¶ 25, 27; Docket # 29-1). The offer of judgment provided as follows:

> Defendant RENOVO SERVICES, LLC, in accordance with Rule 68 of the Federal Rules of Civil Procedure, hereby offers to plaintiff that judgment may be entered as against it in the amount of THREE THOUSAND DOLLARS AND NO CENTS ($3,000.00).

(Docket # 29-1). No communications about the offer occurred between the parties until May 1, 2012, when Henchen filed a "Notice of Acceptance of Offer of Judgment." (Docket # 29). The notice provided:

> Pursuant to Fed. R. Civ. P. 68, the Plaintiff serves written notice that the Defendant, Renovo Services, LLC's Offer of Judgment dated April 17, 2012 for $3,000.00 is accepted. Accordingly, Plaintiff requests the Clerk to enter judgment in favor of Plaintiff and against Defendant for $3,000.00, with costs and a reasonable attorney's fee to be set by the Court upon application by the Plaintiff. Annexed hereto as Exhibit A is a copy of said Offer of Judgment.

(*Id.*).

Immediately upon receipt of the acceptance, counsel for Renovo attempted to contact counsel for Henchen by telephone to clarify that the offer included attorney's fees. (Docket # 38 at ¶¶ 30-31). Counsel for Renovo was unable to reach counsel for Henchen, so she

left him a voice message asking him to contact her about the offer of judgment. (*Id.*). When Henchen's counsel did not return the phone call, counsel for Renovo filed an amended offer of judgment the following day. (*Id.* at ¶ 32). The amended offer of judgment provided:

> Defendant RENOVO SERVICES, LLC, in accordance with Rule 68 of the Federal Rules of Civil Procedure, hereby offers to plaintiff that judgment may be entered against it in the amount of THREE THOUSAND DOLLARS AND NO CENTS ($3,000.00), in full satisfaction of all counts contained in plaintiff's Amended Complaint, costs and attorney's fees.

(Docket # 30).

That same day, May 2, 2012, the Clerk of the Court entered judgment in favor of Henchen providing that "plaintiff is awarded three thousand dollars and no cents ($3,000.00) against defendant Renovo Services, LLC." (Docket # 31). On May 17, 2012, Henchen filed this motion for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).[1] (Docket # 34).

---

[1] Henchen's motion for attorney's fees is technically untimely. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, any motion for attorney's fees must be made within fourteen days of entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). Accordingly, to be timely, Henchen's motion should have been filed on or before May 16, 2012. Defendant did not raise this defect, however, and the fourteen-day deadline is not jurisdictional. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004) ("by its very terms, the fourteen-day deadline of Rule 54 is not a fatal jurisdictional deadline"). Instead, the time to file can be extended, even after the deadline has passed upon a showing of excusable neglect. *See id.* at 227-28 (requiring a finding of excusable neglect "to extend the time to move for attorney's fees after the expiration of Rule 54's fourteen-day deadline"). The docket reveals that Henchen's motion was filed at approximately 12:16 a.m. on May 17, 2012, suggesting that the motion was untimely by only sixteen minutes. (Docket # 34); *see* W.D.N.Y. Admin. Procedures Guide § 2(e)(i) ("[a] document will be deemed timely filed if filed prior to midnight Eastern Time . . . [and] [a] document will be considered untimely if filed thereafter").

# DISCUSSION

## I. Interpretation of the Offer of Judgment

>Rule 68 provides:
>
>At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
>An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
>If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a)-(b), (d). "The purpose of Rule 68 is to encourage settlement and avoid litigation." *Van Echaute v. Law Office of Thomas Landis, Esq.*, 2011 WL 1302195, *1 (N.D.N.Y. 2011). Rule 68 is a cost-shifting provision, which "in essence shifts the risk of going forward with a lawsuit to the [plaintiff], who becomes exposed to the prospect of being saddled with the substantial expense of trial." *Christian v. R. Wood Motors, Inc.*, 1995 WL 238981, *4 (N.D.N.Y. 1995) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1278 (6th Cir. 1991)).

The cost-shifting nature of Rule 68 distinguishes it from other means of compromise and settlement. *Mallory v. Eyrich*, 922 F.2d at 1277. An offer of judgment, "once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of the court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir.

5

1997). The non-negotiability of the terms of an offer of judgment underscores the importance of precision in drafting an offer of judgment. *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002) ("[w]hile an offeree can respond to an ordinary settlement offer through a counter offer or seek to clarify or modify its terms, a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to conform it to the understanding of both parties[;] [o]nly the offeror can ensure that the offer clearly includes or excludes fees"); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d at 834 ("defendants bear the brunt of uncertainty but easily may avoid it by making explicit that their offers do or do not permit plaintiff to recover attorney fees").

It is well-settled that when a party accepts a Rule 68 offer of judgment that is silent as to costs, that party is entitled to seek costs after entry of judgment. *Barbour v. City of White Plains*, 700 F.3d 631, 633 (2d Cir. 2012) ("if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs") (quoting *Marek v. Chesny*, 473 U.S. 1, 6 (1985)). In addition, where fees are included in the definition of costs in the relevant statute, a party that accepts a Rule 68 offer that is silent as to costs will also be entitled to seek attorney's fees after entry of judgment. *Id.* at 634 (party could seek attorney's fees where offer was silent as to costs and where attorney's fees were included in definition of costs in relevant statute); *see Harrell v. Van Der Plas*, 2009 WL 1755090, *3 (S.D.N.Y. 2009) (plaintiff suing under Copyright Act entitled to seek costs, including attorney's fees, where offer of judgment was silent as to costs); *see Sas v. Trintex*, 709

F. Supp. 455, 458 (S.D.N.Y. 1989) (Title VII plaintiff entitled to obtain attorney's fees where offer of judgment was silent as to costs).

Under the FDCPA, the statute at issue in this case, a successful plaintiff is entitled to reasonable attorney's fees, *Shapiro v. Credit Prot. Ass'n I*, 53 F. Supp. 2d 626, 627 (S.D.N.Y. 1999), although the definition of costs in the statute does not define costs to include attorney's fees. *See* 15 U.S.C. § 1692k(a)(3) (damages award to successful party under FDCPA includes "the costs of the action, together with a reasonable attorney's fee as determined by the court"); *see also Chambers v. Manning*, 169 F.R.D. 5, 8 (D. Conn. 1996) (FDCPA is not statute that defines attorney's fees "as part of" costs); *Shapiro v. Credit Prot. Ass'n I*, 53 F. Supp. 2d at 628 ("FDCPA does not itself contemplate attorney's fees as part of costs"). The fee award is mandatory, although the determination as to the amount of the fees to be awarded lies within the discretion of the court. *Miller v. Midpoint Resolution Grp., LLC*, 608 F. Supp. 2d 389, 394 (W.D.N.Y. 2009) (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989)).

Disputes concerning entitlement to attorney's fees under Rule 68 in cases in which the offer of judgment is silent as to attorney's fees and the relevant statute does not define costs to include attorney's fees have spawned much litigation. Many courts faced with such disputes have concluded that the offers of judgment are ambiguous as to whether the amount stated in the offer is inclusive or exclusive of fees. *See*, *e.g.*, *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001) (offer of judgment for claims arising under FDCPA that was silent as to attorney's fees was ambiguous); *Van Echaute v. Law Office of Thomas Landis, Esq.*, 2011 WL 1302195 at *3 (offer of judgment to resolve claims under the FDCPA that is silent as

7

to fees is ambiguous with respect to inclusion or exclusion of fees); *Chambers v. Manning*, 169 F.R.D. at 7 (offer of judgment for claims arising under FDCPA that was silent as to attorney's fees are ambiguous because it "may reasonably be interpreted as excluding, or as including, attorney's fees"); *see also Boxes of St. Louis Inc. v. Davolt*, 2012 WL 2918428, *3 (E.D. Mo. 2012) ("[b]ecause the offer of judgment drafted by [defendant] and the judgment drafted by [plaintiff] were silent on the issue of attorneys fees, an ambiguity exists as to whether the parties intended to include or exclude them from the judgment"); *Christian v. R. Wood Motors, Inc.*, 1995 WL 238981 at *10 (offer of judgment that stated "with costs," but was silent as to attorney's fees, was ambiguous). *Cf. Shapiro*, 53 F. Supp. 2d at 628 (offer of judgment for claims arising under FDCPA that was silent as to attorney's fees, but specifically included costs, not ambiguous because "lawyers, above all, know the difference between fees and costs"). Applying the well-reasoned authority cited above, I find that Renovo's offer of judgment – which was silent as to fees and pertained to a statute, the FDCPA, that does not define attorney's fees as a component of costs – is ambiguous as to whether the $3,000 amount specified was inclusive or exclusive of fees.

## II.  Mutual Assent

An offer with an ambiguous term may nonetheless be accepted. *See Hennessy v. Daniels Law Office*, 270 F.3d at 553 ("[i]t is true . . . that [defendant's Rule 68] offer itself was ambiguous [as to whether it included or excluded attorney's fees], but the offer was unambiguously accepted, and thus an enforceable agreement was formed"). If it is, a contract is

8

formed, and the court must then interpret its terms, including any ambiguous ones.² *Id.* at 554; *O'Brien v. Argo Partners, Inc.*, 736 F. Supp. 2d at 534. In order for a Rule 68 offer and acceptance to form a binding contract, "there must be an objective manifestation of mutual assent, *i.e.*, what is often referred to (somewhat misleadingly) as a 'meeting of the minds.'" *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988). *See Stewart v. Prof'l Computer Ctrs., Inc.*, 148 F.3d 937, 939 (8th Cir. 1998) ("an objective manifestation of mutual assent [may]

---

² In considering an ambiguous term of an offer of judgment under Rule 68, a court should apply ordinary contract principles. *Goodheart Clothing Co. v. Laura Goodman Enters.*, 962 F.2d 268, 272 (2d Cir. 1992). Those contract principles include construction of an ambiguous term against the drafter – *see, e.g., Van Echaute*, 2011 WL 1302195 at *3 (resolving ambiguity regarding inclusion or exclusion of attorney's fees against the drafter); *Sand v. Greenberg*, 2010 WL 69359, *5 (S.D.N.Y. 2010) ("to the extent there is any ambiguity in the [d]efendants' chosen language, 'under the principle of *contra proferentum*, courts are to construe ambiguous contract terms against the drafter'") (quoting *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 663 (2d Cir. 1996)); *Harrell v. Van Der Plas*, 2009 WL 1755090 at *3 ("[m]oreover, because a Rule 68 offer has a binding effect when refused as well as when accepted, a plaintiff is entitled to adhere strictly to the language of the offer to eliminate any ambiguity in its terms") (internal quotation and citation omitted); *GMA Accessories, Inc. v. BOP LLC*, 2007 WL 4563433, *3 (S.D.N.Y. 2007) ("even if some ambiguity existed in [d]efendant's Rule 68 [o]ffer of [j]udgment, it should be construed against [d]efendant"); *Shapiro*, 53 F. Supp. 2d at 628 ("[e]ven were there some ambiguity in the language of the offer, however, that ambiguity would be appropriately resolved against the defendants"); *Chambers*, 169 F.R.D. at 8 (construing ambiguity against drafter of offer "forces a defendant to be precise about the terms of his offer; . . . a defendant should state his intentions clearly, and any failure to do so will be at his peril"); *Sas v. Trintex*, 709 F. Supp. at 458 (offer of judgment should be construed against drafter without resort to extrinsic evidence of intent; "[t]o subject Rule 68 offers to such collateral proceedings would undermine entirely the purpose of the rule"), – and resort to extrinsic evidence – *see, e.g., O'Brien v. Argo Partners, Inc.*, 736 F. Supp. 2d 528, 534 (E.D.N.Y. 2010) ("where the terms of a contract are ambiguous, and susceptible to more than one meaning, the court may consider evidence outside of the contract as an aid to interpret the meaning"), *aff'd*, 426 F. App'x 36 (2d Cir. 2011); *Trent v. Parkview Metal Prods.*, 157 F.R.D. 45, 48 (N.D. Ill. 1994) ("we will look to the circumstances as a whole to determine whether the parties understood the [o]ffer and [a]cceptance to encompass plaintiff's attorney's fees"); *Boorstein v. City of New York*, 107 F.R.D. 31, 35 (S.D.N.Y. 1985) ("[b]ecause plaintiff does not refute that the clarifying conversations transpired, the court can only conclude that the poorly worded offer was clarified orally by defendants and that plaintiff understood the terms he was rejecting when he failed to respond to the offer"). Indeed, the issue of which principle should be resorted to first is itself disputed. *Compare Chambers*, 169 F.R.D. at 8 (principle of construing ambiguity against the drafter is "preferable" to principle of consulting extrinsic evidence to resolve ambiguity because "it forces a defendant to be precise about the terms of his offer . . . [so plaintiff] . . . is not left to guess how courts will interpret extrinsic evidence of what is, and is not, included in the offer") *with Hennessy*, 270 F.3d at 553-54 ("*absent parol evidence as to the meaning of an ambiguous term*, ambiguous terms of a[n] [offer of judgment] are construed against the drafter") (emphasis added). Because the offer is silent as to attorney's fees, construing it against Renovo likely leads to the conclusion that the offer excludes attorney's fees. On the other hand, resort to extrinsic evidence, which includes Henchen's concession that all prior offers, including the two most recent $3,000 offers prior to the Rule 68 offer, included costs and attorney's fees likely leads to the opposite conclusion. I need not decide that question, however, because I find that the parties did not form a valid contract, whether or not the ambiguity as to attorney's fees is resolved in favor of Renovo or Henchen.

9

be inferred from external indications reflecting thoughts and intentions of the parties which show a 'meeting of the minds'"); *Johnson v. Seneca Cnty.*, 2011 WL 767705, *2 (W.D.N.Y. 2011) ("plaintiffs' qualified response to the defendants' offer of judgment proves that there was no meeting of the minds sufficient to give rise to a binding settlement agreement"); *O'Brien*, 736 F. Supp. 2d at 534 ("contract formation requires an objective meeting of the minds regarding the material terms thereof . . . [and,] [a]s to the question of intent, the court looks to the objective manifestation thereof") (internal quotation omitted); *Christian*, 1995 WL 238981 at *10 ("a Rule 68 offer, as with any contract, requires a meeting of the minds").

"Unexpressed subjective views" of the parties' intent are not relevant to the question of mutual assent. *O'Brien*, 736 F. Supp. 2d at 534 (internal quotation omitted). For this reason, a "meeting of the minds" may be found to exist even though the parties later dispute whether an offer that was accepted was inclusive or exclusive of attorney's fees. *See*, *e.g.*, *Hennessy*, 270 F.3d at 553 (mutual assent found where objective evidence existed to suggest that offer was accepted with qualification or with knowledge of disputed interpretation of offer); *GMA Accessories, Inc. v. BOP LLC*, 2007 WL 4563433 at *4 (mutual assent not lacking merely because defendant claims after offer was accepted that it had intended offer to mean something different from offer's "chosen language").

In contrast, courts have found that mutual assent is lacking where objective evidence exists that the parties ascribed different meanings to material terms of the offer prior to its acceptance. *See Radecki v. Amoco Oil Co.*, 858 F.2d at 399 (no mutual assent where prior to acceptance defendant stated offer was intended to include fees and plaintiff then purported to accept offer and maintain entitlement to additional award for attorney's fees; "[t]he materially

10

different intent of the parties as manifested in their actions shows there was no mutual assent, and hence no binding agreement"); *see Stewart v. Prof'l Computer Ctrs., Inc.*, 148 F.3d at 938 (no mutual assent where defendant clarified that offer included attorney's fees prior to acceptance and plaintiff communicated intent to accept offer but seek fees). Such objective evidence, for example, may be based on the parties' negotiation history or a qualified or conditional acceptance of the offer. *See*, *e.g.*, *Stewart*, 148 F.3d at 939-40 ("[t]he offer did not explicitly state that fees were included in it, but . . . [defendant] clarified that its payment covered all counts [including attorney's fees;] [o]n the other hand, [plaintiff] announced she would seek attorney fees on the same day she communicated her acceptance[;] [u]nder these circumstances no manifestation of mutual assent can be found"); *Radecki*, 858 F.2d at 401 (objective evidence "strongly supports" that defendant intended to include attorney's fees, noting "settlement amounts discussed during negotiations consistently had been inclusive of attorney fees"); *Boxes of St. Louis Inc. v. Davolt*, 2012 WL 2918428 at *4 (negotiation history reveals that parties had no "meeting of the minds" concerning whether "attorneys fees were included or excluded in offer of judgment"); *Johnson v. Seneca Cnty.*, 2011 WL 767705 at *2 (evidence of parties' negotiation history, plaintiffs' language of acceptance and parties' conduct after acceptance demonstrates absence of mutual assent). *But see Chambers*, 169 F.R.D. at 7 (language of acceptance that referenced entitlement to attorney's fees despite offer's silence does not preclude finding of mutual assent).

In this case, the objective evidence relating to the offer and the acceptance establishes that the mutual assent necessary to form a contract was lacking. First, as Henchen concedes, the parties' negotiation history reveals that the terms of all prior offers and demands to settle included attorney's fees and costs. In fact, Renovo had twice offered $3,000 to settle the

11

lawsuit – an amount which Henchen understood to include attorney's fees and costs – and the last offer was a mere four weeks before the offer of judgment. Considering these circumstances, the fact that the offer of judgment was likewise for $3,000 strongly suggests Renovo's intention that the offer include attorney's fees.

The language of Henchen's acceptance – which explicitly stated his intention to seek an award of attorney's fees, even though the offer had been silent on the issue – suggests that Henchen contemplated the possibility that Renovo did not intend its offer to include fees. *See Johnson*, 2011 WL 767705 at *2 (noting that plaintiffs' additional language in acceptance expressing intent to apply for attorney's fees was a "qualified response" that did not constitute "an acceptance of the offer as made, but a counter-offer for a greater sum than defendants had offered").[3] Finally, Renovo's counsel's conduct upon receipt of Henchen's purported acceptance – namely, her immediate attempt to contact Henchen's counsel and prompt service of an "amended" offer of judgment that sought to clarify its position – provides additional objective evidence that Renovo did not intend its offer to be exclusive of attorney's fees. *See Johnson*, 2011 WL 767705 at *2 ("defendants promptly and unequivocally declined that counter-offer").

On these facts, I find that there was no mutual assent as to the material terms of the offer. The result of this conclusion puts the parties in the same position that they were in

---

[3] Like Judge Larimer, I will not speculate as to whether Henchen's attorney "innocently misunderstood the scope of defendants' offer . . . or deliberately engaged in 'sharp practice' by attempting to exploit [Renovo's] failure to specify in writing whether attorneys fees were included." *See id.* at *2. In doing so, I note that Henchen's memorandum of law attaches an unpublished report and recommendation awarding attorney's fees to a plaintiff in another matter who was represented by one of the same attorneys who represent Henchen. (Docket # 34-5). That case involved a strikingly similar dispute regarding an offer of judgment that was silent as to fees and costs, and an acceptance of the offer of judgment that included the language "with costs and a reasonable attorney's fee, to be set by the Court upon application by the plaintiff." (*Id.* at 3). That Henchen's attorney has litigated this exact issue suggests that counsel made a tactical decision not to seek clarification of the ambiguous offer, but rather to accept the offer with the additional language in the hopes of obtaining an additional fee award that defendants may not have intended.

before the offer of judgment was served.[4] Of course, this decision is grounded in the unusual facts of this case and does not lessen the need for clarity in Rule 68 offers of judgment.

## CONCLUSION

For the reasons stated above, Henchen's motion for attorney's fees **(Docket # 34)** is **DENIED** in its entirety, and the Clerk is directed to strike Henchen's notice of acceptance of the offer of judgment (Docket # 29), the corresponding certificate of service (Docket # 32), the amended offer of judgment (Docket # 30) and the judgment against Renovo (Docket # 31).
**IT IS SO ORDERED.**

                                *s/Marian W. Payson*
                                MARIAN W. PAYSON
                                United States Magistrate Judge

Dated: Rochester, New York
       March  19 , 2013

---

[4] During oral argument, Henchen's counsel argued that he had no obligation to clarify the offer even if he had understood that it was ambiguous. He further conceded that had he done so, his position on the pending motion would have weakened. While he may be correct, to conclude that the objective evidence in this case demonstrates mutual assent would provide a perverse incentive to a plaintiff to deliberately avoid seeking clarification of a term he knows to be ambiguous.